The Honorable Charlotte Schexnayder State Representative P.O. Box 220 Dumas, Arkansas 71639
Dear Representative Schexnayder:
This opinion is being issued in response to your recent question regarding a hospital's duty under the provisions of A.C.A. §§20-9-303(a)(2)(B)(i) and 12-12-402(c)(2)(B). You have presented the following question:
 Is a hospital required by A.C.A. § 20-9-303(a)(2)(B)(i) or A.C.A. § 12-12-402(c)(2)(B) forcibly to perform a medical/legal examination on a victim who is under eighteen years of age, in a situation where the victim is presented for such examination by her parent or guardian and the victim refuses to submit voluntarily to the examination?
The provisions of the statutes about which you have inquired require hospitals to adhere to certain prescribed procedures in dealing with victims of sexual assault who have been presented to them.
It is my opinion that the situation you have described is one with regard to which the law has conferred upon the hospital a certain level of discretion. That is, because of the wide variety of scenarios which could give rise to such situations, the law allows the hospital, both because of its proximity to the situation and because of its particular expertise, to determine the appropriate course of action to follow. I draw this conclusion from various sources.
As indicated above, the laws about which you have inquired mandate that hospitals follow a prescribed procedure in treating sexual assault victims. That procedure includes a mandate that hospitals treat the victims in the same manner as "regular emergency room patients." In treating emergency room patients, hospitals are governed by the consent requirements set forth in A.C.A. § 20-9-602. That statute states:
 It is recognized and established that, in addition to such other persons as may be so authorized and empowered, any one (1) of the following persons is authorized and empowered to consent, either orally or otherwise, to any surgical or medical treatment or procedures not prohibited by law which may be suggested, recommended, prescribed, or directed by a licensed physician:
* * *
 (7) Any unemancipated minor of sufficient intelligence to understand and appreciate the consequences of the proposed surgical or medical treatment or procedures, for himself.
A.C.A. § 20-9-602.
The quoted language clearly allows minors the authority to grant consent to medical procedures upon themselves. It is my opinion that the authority to grant consent implicitly carries with it the authority to withhold consent. Both the minor's authority to grant consent and the minor's authority to withhold consent are contingent upon the minor having sufficient intelligence to understand and appreciate the consequences of his grant or withholding of consent, as the case may be. Only the hospital will be in a position to determine, on the basis of its observation of the minor and on the basis of its expertise, whether the minor possesses such understanding and appreciation. Because the scenarios are susceptible of such wide variance, the law, in my opinion, has placed the responsibility for making this determination upon the hospital.
This conclusion is bolstered by the fact that the same area of discretion is recognized in the criminal statute regarding the use of physical force by medical personnel. That statute, A.C.A. § 5-2-605, states:
 The use upon another person of physical force that would otherwise constitute an offense is justifiable under any of the following circumstances:
* * *
 (5) A duly licensed physician, or a person assisting him at his direction may use physical force for the purpose of administering a recognized form of treatment reasonably adapted to promoting the physical or mental health of the patient if:
 (A) The treatment is administered with the consent of the patient or, if the patient is a minor who is unable to appreciate or understand the nature or possible consequences of the proposed medical treatment . . ., with the consent of a parent, guardian, or other person entrusted with his care and supervision.
A.C.A. § 5-2-605 (emphasis added).
The quoted language indicates that medical personnel are justified in using force upon a minor patient — even with the legal guardian's consent — only if that minor is unable to understand the consequences of the proposed medical procedure. Implicit in this language is a conclusion that if the minor patient is able to understand, then the legal guardian's consent is not sufficient to relieve the medical personnel from liability for the use of physical force. The only party in such instances who is in a position to determine whether the minor is capable of understanding the consequences of the proposed medical procedure is the medical personnel.
The legislature's grant to hospitals of the responsibility of determining minors' intellectual capability to grant or withhold consent is reasonable. The intellectual capability of minors is a matter that must be determined on a case by case basis. A failure to consider such capability, or a rigid rule either requiring or prohibiting compliance with the minor's wishes, would result in a host of ineptly-handled cases. Under the scenario requiring compliance with minors' wishes, no six-year-old would ever be vaccinated. On the other hand, under the scenario prohibiting compliance with minors' wishes, hospitals would be placed in the position of playing mediator between seventeen-year-olds and overly suspicious parents. Neither result is desirable. For this reason, the hospital must have the discretion to assess each situation on its particular facts.
I therefore conclude that the provisions of A.C.A. §§ 20-9-303(a)(2)(B)(i) and 12-12-402(c)(2)(B) do not require hospitals to perform the medical examination forcibly; however, they do allow hospitals to do so, after having considered the minor victim's intellectual capability to grant or withhold consent.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh